UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| ABAYOMI ADEDEJI (R30123), | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 10 C 0892 |
| | ) | |
| MATTHEW COBBLE, sued in his | ) | |
| individual capacity, SHERIFF TOM DART, | ) | |
| sued in his individual and official capacities, | ) | |
| and COOK COUNTY, sued for | ) | |
| purposes of indemnification, | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM OPINION AND ORDER

Pro se plaintiff Abayomi Adedeji, an Illinois Department of Corrections

inmate, has brought a civil rights suit pursuant to 42 U.S.C. § 1983.  The parties

have consented to proceed before this Court, 28 U.S.C. § 636(c).  (Dkt. Nos. 23-25).

Pending before the Court is defendants' Rule 12(b)(6) motion to dismiss.  (Dkt. No.

44).  The motion is granted, in part, and denied, in part.

## BACKGROUND

The following facts are drawn from plaintiff's amended complaint.  (Dkt. No.

40).  For purposes of evaluating defendants' motions to dismiss, the facts are

accepted as true and all reasonable inferences are made in the light most favorable

to plaintiff.  *Parish v. City of Elkhart*, 614 F.3d 677, 679 (7th Cir. 2010) (citing

*Johnson v. Rivera*, 272 F.3d 519, 520 (7th Cir. 2001)).  This Court also "construe[s]

pro se complaints liberally and hold[s] them to a less stringent standard than

formal pleadings drafted by lawyers." *Bridges v. Gilbert*, 557 F.3d 541, 546 (7th Cir. 2009) (citing *Erickson v. Pardus*, 551 U.S 89, 94 (2007) (per curiam); *Obriecht v. Raemisch*, 417 F.3d 489, 492 n.2 (7th Cir. 2008)).

On November 16, 2009, plaintiff was assaulted by fellow inmate Georgio Gaines while they were in a bullpen area at the Cook County Jail. (Dkt. No. 40 at 5). Defendant Correctional Officer Matthew Cobble had allegedly failed to secure Gaines's handcuffs and other restraints prior to the assault. (*Id.*). Gaines removed his hands from the cuffs and used them as a weapon, repeatedly striking plaintiff on the head and side. (*Id.*). Plaintiff suffered a concussion and blood loss, requiring hospitalization. (*Id.*). Plaintiff sues Cobble, Cook County Sheriff Tom Dart, and Cook County for monetary relief.

<u>ANALYSIS</u>

Rule 12(b)(6) allows dismissal of a complaint for "failure to state a claim upon which relief can be granted." FED. R. CIV. P. 12(b)(6). "To satisfy the notice-pleading standard, a complaint must provide a 'short and plain statement of the claim showing that the pleader is entitled to relief,' which is sufficient to provide the defendant[s] with 'fair notice' of the claim and its basis." *Bridges*, 557 F.3d at 545 (quoting *Erickson*, 551 U.S at 89). "'To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Reger Dev., LLC v. Nat'l City Bank*, 592 F.3d 759, 763 (7th Cir. 2010) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). "The complaint must actually *suggest*

that the plaintiff has a right to relief, by providing allegations that raise a right to relief above the speculative level." *Bridges*, 557 F.3d at 546 (internal quotation marks and citations omitted) (emphasis in original).

As an initial matter, plaintiff provides additional factual allegations in his response to the motion to dismiss. (Dkt. No. 52). Defendant counters that the additional facts must be disregarded because plaintiff cannot amend his complaint through a response to a motion to dismiss. (Dkt. No. 54 at 3-4).

Defendants are correct that a complaint cannot be amended by plaintiff's brief in opposition to a motion to dismiss. *Agnew v. Nat'l Collegiate Athletic Ass'n.*, 683 F.3d 328, 348 (7th Cir. 2012) (citing *Thomason v. Nachtrieb*, 888 F.2d 1202, 1205 (7th Cir. 1989)). But the prohibited amendment is the adding of new claims. *Wooley v. Jackson Hewitt, Inc.*, 540 F. Supp. 2d 964, 972 (N.D. Ill. 2008). A plaintiff may supplement existing claims with additional factual allegations in the response to the motion to dismiss as long as the new facts are consistent with the original claims made in the complaint. *Geinosky v. City of Chicago*, 675 F.3d 743, 745 n.1 (7th Cir. 2012). Plaintiff properly provides supplemental factual information in support of his claims. He is not adding any new claims. Defendants' request to strike the additional information in plaintiff's response is denied.

Turning to the merits of the motion to dismiss, defendant Cobble argues that he should be dismissed from this action with prejudice because plaintiff's complaint is untimely under the statute of limitations, and it also fails to state a claim for relief. Both arguments are rejected.

Regarding the statute of limitations, the incident occurred on November 16, 2009. (Dkt. No. 40 at 5). There is a two-year statute of limitations for the case. *Wallace v. Kato*, 549 U.S. 384, 387 (2007); *Ray v. Maher*, 662 F.3d 770, 772-73 (7th Cir. 2011). Plaintiff filed his original complaint in February 2010. (Dkt. No. 1). However, the original complaint did not satisfy the statute of limitations because Cobble was named as a John Doe. *Hall v. Norfolk Southern R.R. Co.*, 469 F.3d 590, 596 (7th Cir. 2006). The present amended complaint, naming Cobble as a defendant, was not filed for more than two and half years after the incident, in June 2012. Cobble argues that the complaint is therefore untimely as to him.

Plaintiff is not required to anticipate or address the statute of limitations in the complaint, but defendant may raise the defense in a motion to dismiss when the elements of the defense are set forth by the complaint. *Independent Tr. Corp. v. Stewart Info. Servs. Corp.*, 665 F.3d 930, 935 (7th Cir. 2012). Unlike plaintiff, who may provide additional facts to supplement his claims, defendant's motion to dismiss is limited solely to the information presented on the face of the complaint, documents attached to the complaint, and documents subject to judicial notice. *Geinosky*, 675 F.3d at 745 n.1. Defendant must bring a motion for summary judgment if he wishes to look outside the complaint.

Here, the elements of the statute of limitations defense are not conclusively established on the basis of the information on the face of the complaint. Although Cobble was first named as a defendant more than two and half years after the incident, some of this time was presumably tolled due to plaintiff's required

-4-

exhaustion of his administrative remedies. Under the Prison Litigation Reform Act, a claim must be raised through an internal grievance process (if available) before it can be brought in federal court. 42 U.S.C. § 1997e(a). The statute of limitations is tolled while plaintiff exhausts his claim through the grievance process. *Walker v. Sheahan*, 526 F.3d 973, 978 (7th Cir. 2008). The grievance history is not detailed in the complaint (and understandably so because plaintiff is not required to anticipate its role to toll the limitations period when bringing the complaint). Defendant must look beyond the complaint to consider the grievance history, a step that is not allowed on a motion to dismiss. Consequently, the statute of limitations cannot be decided at the motion to dismiss stage.

In addition, plaintiff argues that he was unable to discover defendant Cobble's identity in a timely fashion because defense counsel refused to respond to his discovery requests. (Dkt. No. 52 at 13). This alleged conduct may potentially result in equitable tolling and/or equitable estoppel. *See Shropshear v. Corp. Counsel of City of Chicago*, 275 F.3d 593, 594-99 (7th Cir. 2001). Defendant counters that plaintiff cannot invoke tolling or estoppel. However, these doctrines also require the Court to look beyond the complaint to additional facts. This is an additional reason why the statute of limitations cannot be decided through the present motion to dismiss.

Thus, Cobble's statute of limitations defense is rejected at the motion to dismiss stage. Cobble is correct that he was identified more than two years after the incident. However, the defense is not so clear on the face of the complaint as to

allow dismissal, as there are additional facts outside the record that must be considered in evaluating the defense. This requires the raising of the defense in a summary judgment motion if Cobble desires.

Cobble's second argument is that the complaint fails to state a claim for deliberate indifference to the risk of assault by a fellow inmate. "The Due Process Clause of the Fourteenth Amendment protects pre-trial detainees from punishment and places a duty upon jail officials to protect pre-trial detainees from violence." *Fisher v. Lovejoy*, 414 F.3d 659, 661 (7th Cir. 2005) (citing *Swofford v. Mandrell*, 969 F.2d 547, 549 (7th Cir. 1992)); *see also Lewis v. Richards*, 107 F.3d 549, 552-53 (7th Cir. 1997) (citing *Farmer v. Brennan*, 511 U.S. 825, 831-33 (1994); *Langston v. Peters*, 100 F.3d 1235, 1237 (7th Cir. 1996)). However, not every act of inmate-on-inmate violence results in a constitutional violation. *Borello v. Allison*, 446 F.3d 742, 747 (7th Cir. 2006).

Although the claim arises under the Fourteenth Amendment because plaintiff was a pretrial detainee, the Court applies the same deliberate indifference standard that governs Eighth Amendment claims. *Minix v. Canarecci*, 597 F.3d 824, 831 (7th Cir. 2010). The standard contains both an objective prong, requiring a grave risk, and a subjective prong, requiring actual knowledge of the risk. *Dale v. Poston*, 548 F.3d 563, 569 (7th Cir. 2008) (citing *Greeno v. Daley*, 414 F.3d 645, 653 (7th Cir. 2005)). As to the objective requirement, plaintiff must show that "(1) he suffered an objectively sufficient serious injury; and (2) he was incarcerated under conditions posing a substantial risk of serious harm." *Id.* (citing *Farmer*, 511 U.S.

at 834).  A condition that poses a substantial risk of harm is one where the "risks [are] so great that they are almost certain to materialize if nothing is done." *Brown v. Budz*, 398 F.3d 904, 911 (7th Cir. 2005).  This standard has been analogized to the threat posed by inherently dangerous situations such as placing a detainee in a cell with a cobra.  *Id*. at 911 (citing *Billman v. Indiana Dep.'t of Corr.*, 56 F.3d 785, 788 (7th Cir. 1995)).

On the subjective side, the official is deliberately indifferent, resulting in a constitutional violation, only if he "'effectively condones the attack by allowing it to happen.'" *Santiago v. Walls*, 599 F.3d 749, 756 (7th Cir. 2010) (quoting *Lewis*, 107 F.3d at 553).  "[D]efendants [must have] actual knowledge of an impending harm easily preventable, so that a conscious, culpable refusal to prevent the harm can be inferred from defendants' failure to prevent it." *Santiago*, 599 F.3d at 756 (quoting *Lewis*, 107 F.3d at 553).  "Mere negligence or even gross negligence does not constitute deliberate indifference." *Borello*, 446 F.3d at 749.  However, "[a] prison official cannot escape liability by showing that he did not know that a plaintiff was especially likely to be assaulted by the specific prisoner who eventually committed the assault." *Dale*, 548 F.3d at 569 (citations omitted).  "The ultimate measure of the adequacy of the response is therefore reasonableness in light of the surrounding circumstances." *Id*.

There is no question that plaintiff alleges that he suffered an objectively serious injury, *Lee v. Young*, 533 F.3d 505, 509 (7th Cir. 2008), and so the Court shall consider the subjective prong.

-7-

A common fact pattern for liability is when a correctional officer ignores repeated detainee complaints that the detainee is under the threat of violence and there is a subsequent assault. *Borello*, 446 F.3d at 749 (citing *Velez v. Johnson*, 395 F.3d 732, 736-37 (7th Cir. 2005); *Haley*, 86 F.3d 642); *see also Brown*, 398 F.3d at 914. An alternative permissible theory is that a correctional officer may not knowingly take actions that would expose a detainee to a serious injury. *See Case v. Ahitowi*, 301 F.3d 605, 607 (7th Cir. 2002) (explaining that a correctional official would be liable for deliberate indifference if he knowingly unleashed a hungry lion on a prisoner); *Billman*, 56 F.3d at 788 (providing example that it is deliberate indifference to knowingly placing a prisoner in a cell with a cobra or placing prisoner in cell when there is a high risk that there is a cobra in the cell).

Cobble's view is that the case raises, at most, non-cognizable negligence. Cobble allegedly failed to properly secure Gaines's handcuffs allowing him to slip out of the restraints and attack plaintiff. Plaintiff counters that there is a well known risk at Cook County Jail of inmate attacks due to correctional officers failing to properly secure restraints. (Dkt. No. 52 at 5-6). Cobble allegedly failed to follow Jail procedure when securing the handcuffs. (*Id.* at 6). Plaintiff further alleges that Cobble was wrongfully absent from his post.

Plaintiff has properly alleged a claim against Cobble. Cobble's view is that he had no indication that Gaines would attack plaintiff. Yet, plaintiff counters that the problem of inmate violence is so well known and Cobble was aware of it that by taking the wrongful steps, Cobble effectively knew that an attack would likely

-8-

occur.  Like the analogy to a hungry lion in *Case*, plaintiff effectively claims that fellow inmates at the Cook County Jail are so inherently dangerous that every correctional officer knows that the inmates will attack each other if given the chance.  301 F.3d at 607. An officer who fails to properly secure an inmate is deliberately indifferent to this known risk.  This is sufficient at this stage of the proceedings to allow plaintiff to proceed with his claim.

Moving to Sheriff Tom Dart, plaintiff sues Dart in both his individual and official capacity.  Despite plaintiff's detailed response to the motion to dismiss, he fails to provide any additional elaboration in support of his individual capacity claim against Dart.  The complaint fails to state a claim against Dart in his individual capacity.

"Section 1983 lawsuits against individuals require personal involvement in the alleged constitutional deprivation to support a viable claim." *Palmer v. Marion County*, 327 F.3d 588, 594 (7th Cir. 2003) (citing *Zimmerman v. Tribble*, 226 F.3d 568, 574 (7th Cir. 2000); *Zentmyer v. Kendall County, Ill.*, 220 F.3d 805, 811 (7th Cir. 2000); *Davis v. Zirkelbach*, 149 F.3d 614, 619 (7th Cir. 1998)).  Agency principles of *respondent superior* and vicarious liability do not apply to § 1983 claims.  *Kinslow v. Pullara*, 538 F.3d 687, 692 (7th Cir. 2008) (citing *Monell v. New York City Dep't Soc. Servs.*, 436 U.S. 658, 691 (1978); *Hosty v. Carter*, 412 F.3d 731, 733 (7th Cir. 2005)); *see also Iqbal*, 556 U.S. at 676 ("[A] plaintiff must plead that each government official defendant, through the official's own individual actions, has violated the Constitution.").  However, supervisors may violate the Constitution

resulting in their own individual liability if they "know about the unconstitutional conduct and facilitate it, approve it, condone it, or turn a blind eye for fear of what they might see." *T.E. v. Grindle*, 599 F.3d 583, 588 (7th Cir. 2010) (quoting *Jones v. City of Chicago*, 856 F.2d 985, 992 (7th Cir. 1988)).

Here, plaintiff does not allege that Dart was personally present at the incident. He also does not claim that Dart was involved in turning a blind eye to inmate violence or otherwise facilitating an environment for attacks to occur at the Jail. To the contrary, plaintiff claims that Dart has instituted a number of written policies to prevent inmate violence and bases his deliberate indifference claim against Cobble in part on him ignoring these policies. Plaintiff cannot say that Cobble ignored established policies designed to prevent violence, and then say that Dart is turning a blind eye to inmate violence.

Plaintiff also cannot proceed with an official capacity claim against Sheriff Dart. Plaintiff fails to allege that his injuries were caused by custom, policy or practice. *Waters v. City of Chicago*, 580 F.3d 575, 580 (7th Cir. 2009) (citing 436 U.S. 658 (1978)). "To establish an official policy or custom, plaintiff must show that his constitutional injury was caused by (1) the enforcement of an express policy, (2) a widespread practice that is so permanent and well settled as to constitute a custom or usage with the force of law, or (3) a person with final policymaking authority." *Wragg v. Vill. of Thornton*, 604 F.3d 464, 467-68 (7th Cir. 2007) (citing *Latuszkin v. City of Chicago*, 250 F.3d 502, 504 (7th Cir. 2001); *McCormick v. City of Chicago*, 230 F.3d 319, 324 (7th Cir. 2000)).

Plaintiff fails to plausibly allege liability under *Monell*. He only mentions his (apparently) single random case without demonstrating how this is part of a custom or practice sufficient to establish a *Monell* claim. *See McCauley v. City of Chicago*, 671 F.3d 611, 615-19 (7th Cir. 2011); *Calhoun v. Ramsey*, 408 F.3d 375, 380 (7th Cir. 2005). (Plaintiff does not plausibly suggest how he was harmed by an express policy or decision by a final policymaker). He does raise other incidents of inmate violence but fails to plausibly suggest that they were part of a failure to secure inmate restraints. As mentioned above, plaintiff concedes that Cook County Jail has formalized regulations regarding securing inmates to prevent violence. He relies on Cobble ignoring these regulations to support his claim against him. The existence of these formalized regulations suggests that there is no policy to allow inmate-on-inmate violence.

Finally, plaintiff may proceed with a state law indemnification claim against Cook County because he has a valid claim against its employee, Cobble. 745 ILCS 10/9-102; *Yang v. City of Chicago*, 137 F.3d 522, 526 (7th Cir. 1998); *Regalado v. Hayes*, No. 11 C 1472, 2011 WL 5325542, at *7 (N.D. Ill. Nov. 3, 2011).

<u>CONCLUSION</u>

Defendants' motion to dismiss (Dkt. No. 44), is granted, in part, and denied, in part. Plaintiff may proceed with his individual capacity claim against defendant Cobble. Plaintiff's individual and official capacity claims against Sheriff Dart are dismissed. Dart is dismissed from this action with prejudice. Plaintiff may proceed

with his indemnification claim against Cook County. Cobble and Cook County shall answer the complaint within twenty-one days of the entry of this order. The Clerk is instructed to terminate defendant officer John Doe and alter the case caption to *Adedeji v. Cobble.*

ENTER:

Dated: February 5, 2013

ARLANDER KEYS
UNITED STATES MAGISTRATE JUDGE